United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60916
Summary Calendar

DIDAR ALI MAKNOJIA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 448 423
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Didar Ali Maknojia, a native and citizen of Pakistan, petitions for review of the order of the Board of Immigration Appeals (BIA) adopting and affirming the immigration judge's (IJ) decision denying his application for withholding of removal under the Immigration and Naturalization Act (INA) and under the Convention Against Torture (CAT).

We will uphold findings that an alien is not eligible for withholding of removal if the findings are supported by substantial evidence. Zhang v. Gonzales, 432 F.3d 339, 344 (5th Cir. 2005).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under this standard, reversal of the BIA's decision is improper unless the alien shows "not only that the evidence supports a contrary conclusion, but [also] that the evidence compels it." Majd v. Gonzales, 446 F.3d 590, 594 (5th Cir. 2006) (quotation marks and citation omitted). Maknojia fails to show that substantial evidence compels a finding that he has suffered past persecution or will more than likely suffer persecution or torture if he is returned to Pakistan. See 8 C.F.R. § 1208.16(b), (c)(2); Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004); Bah v. Ashcroft, 341 F.3d 348, 351-52 (5th Cir. 2003).

The BIA did not have to consider whether Maknojia was a controlled substance offender given his removability on the independent ground of being present in the United States without being admitted or inspected. Nor was the denial of the motions for continuance, so that Maknojia could await the outcome of the appeal of the revocation of approval of the I-130 visa petition, an abuse of discretion. See 8 C.F.R. §§ 1003.29, 1240.6; Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1997).

Maknojia's petition for review is DENIED.